United States District Court
District of Massachusetts

| | |
|---|---|
| Amanda Le, <br><br> Plaintiff, <br><br> v. <br><br> New England Swimming, et al., <br><br> Defendants. | Civil Action No. <br> 24-11559-NMG |

MEMORANDUM & ORDER

GORTON, J.

Plaintiff, Amanda Le ("plaintiff" or "Le"), alleges that her former swim coach, Joseph Bernal ("Bernal"), sexually abused her between 2008 and 2015. She further asserts that multiple defendants financially benefitted from, and helped conceal, that abuse. Three of those defendants, New England Swimming, Inc., ("New England Swimming"), USA Swimming, Inc. ("USA Swimming") and Michelle Sweeney ("Sweeney") (collectively, "defendants"), now move to dismiss. For the reasons that follow, both motions to dismiss will be allowed, in part, and denied, in part.

I. **Background**

Several decades ago, Bernal, a prominent swimming coach, founded "Bernal's Gator Swim Club" which operated under USA Swimming, the sport's national governing body, and its regional affiliate, New England Swimming. Bernal worked as a certified USA Swimming coach, including at Harvard University, from 1994

- 1 -

until 2016. Plaintiff was born in December, 1992, and trained under Bernal from 2006 to 2010. She continued swimming competitively until 2015.

Plaintiff alleges that, when she was a teenager, Bernal initiated a sexual relationship with her. Her purported sexual contact with Bernal began at a 2008 swim meet in New York and continued until late 2015. According to plaintiff, Bernal maintained the relationship with her by using his authority, influence and financial support, as well as isolation and manipulation tactics. In September 2015, plaintiff reported Bernal's conduct, and the panic attacks she allegedly suffered as a result, to a pool director at her university. Through a 2022 news article, plaintiff also discovered that Bernal had allegedly engaged in similar conduct with other swimmers which purportedly compounded her psychological and emotional trauma.

Plaintiff maintains that multiple individuals and organizations were aware of Bernal's abusive behavior but failed to intervene. Sweeney, Bernal's daughter, allegedly possessed firsthand knowledge of Bernal's misconduct dating back to the 1980s but, despite serving as a coach and a board member of New England Swimming and USA Swimming, she did not report the abuse. Both New England Swimming and USA Swimming, as governing bodies of the sport, are also accused of long-standing awareness of Bernal's predatory behavior without intervention prior to

Bernal's eventual exclusion from the organization in 2016. According to Le, both organizations failed to implement or enforce appropriate safeguards and instead prioritized a high-profile coach and their revenue-generating programs over athlete safety.

Based upon those allegations, plaintiff filed suit in this Court in June, 2024, asserting three claims: 1) civil violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§1589 et seq., against all defendants, 2) battery by sexual abuse against the estate of Bernal, who died in 2022, and 3) negligent supervision or conduct contributing to the sexual abuse of a minor against all defendants. Defendants Sweeney, New England Swimming and USA Swimming now move to dismiss.

## II. **Legal Standard**

To survive a motion to dismiss, a plaintiff's complaint must contain factual matter sufficient to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible if, after accepting as true all non-conclusory factual allegations, the Court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). In considering the merits of a motion to dismiss, the Court must

accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).

## III. Analysis

### A. TVPA Claim (Count I)

Defendants first argue that plaintiff fails to state a claim for relief because her TVPA claim is barred by the applicable statute of limitations under 18 U.S.C. §1595(c). Section 1595(c) provides that a TVPA claim is not actionable unless it was filed within "10 years after the cause of action arose" or, if the victim was a minor at the time of the offense, "10 years after the victim reaches 18 years of age," whichever is later. According to defendants, plaintiff's TVPA claim is time-barred because she did not file her complaint until three years after she had reached the age of 28.

In response, plaintiff does not challenge the application of §1595(c) and instead relies on a different statute entirely. She posits that TVPA claims have no limitations period based upon a 2022 amendment to 18 U.S.C. §2255(b) which provides that there is "no time limit for the filing of a complaint" for claims that could have been brought under the previous version of that statute. Under its previous iteration, §2255(b) barred claims that were not brought within 10 years from when the plaintiff "reasonably discovers" the violation or injury that

forms that basis of his claim or 10 years from when "the victim reaches 18 years of age," whichever is later.

The difference between the statutes of limitation that the parties cite stems from the existence of at least two different statutory schemes that permit civil redress for victims of sexual abuse. The TVPA allows an individual who was a victim of human trafficking to "bring a civil action against the perpetrator." 18 U.S.C. §1595(a). The Child Abuse Victims' Rights Act ("CAVRA"), in turn, creates a cause of action for a plaintiff who was the victim of a violation of one of many federal statutes that prohibit child abuse and "suffer[ed] personal injury as a result of such violation." 18 U.S.C. §2255(a).

Although §2255 can apply to civil claims brought under federal sex trafficking statutes, as plaintiff attests, see id. §2255(a) (citing 18 U.S.C. §§1589-91), TVPA claims and CAVRA claims are disparate causes of action that feature separate statutes of limitations. See Goodykoontz v. County, No. 1:24-CV-1309, 2024 WL 4519253, at *1 (N.D. Ohio Oct. 17, 2024) (treating TVPA and CAVRA claims as distinct). With respect to the TVPA, §1595(c) establishes the statute of limitations, while under CAVRA, §2255(b) there is no prescribed limitations period. See Humphries v. Button, No. 2:21-CV-01412-ART-EJY, 2024 WL 3673079, at *2 (D. Nev. Aug. 5, 2024) (distinguishing between applicable

statutes of limitations for the TVPA, §1595(c) and CAVRA, §2255(b)).

By suggesting that §2255(b) eliminates any limitations period for her claim, plaintiff erroneously conflates the limitations periods under the TVPA and CAVRA. She cites no authority to suggest that §2255(b) can be grafted onto a TVPA claims or that §2255(b) in any way abrogated §1595(c), nor could she. Other federal courts have routinely affirmed that §1595(c), not §2255(b), applies to claims that arise under the TVPA, see Khatskevich v. Shapiro, No. 23 CIV. 9160 (KPF), 2025 WL 833872, at *12 (S.D.N.Y. Mar. 17, 2025); E.C. v. Choice Hotels Int'l, Inc., No. 2:22-CV-3811, 2024 WL 1142162, at *2 (S.D. Ohio Mar. 15, 2024), and nothing in Congress's 2022 amendment to §2255(b) alters that reality, see McCarthy v. Kaplan, No. 24-CV-3286 (AMD) (JRC), 2024 WL 2862374, at *3 n.4 (E.D.N.Y. June 6, 2024) (recognizing §1595(c) still applies even after Congress amended §2255(b)); Doe v. Wyndham Hotels & Resorts, Inc., No. 2:24-CV-204, 2025 WL 725268, at *3 (E.D. Va. Mar. 6, 2025) (same).

Plaintiff in this case has brought a claim under TVPA, not CAVRA, and thus the applicable statute of limitations is the 10-year period proscribed by §1595(c) not, as she contends, §2255(b). It is thus immaterial when exactly plaintiff "discovered" her injury per §2255(b) and, because she reached

age 28 in December, 2020, she cannot rely on that aspect of either statute to render her claim timely filed. Contrary to defendants' assertions, however, the inquiry does not stop there. Section 1595(c) also turns on when the plaintiff's cause of action "arose." As such, her claim may still be timely if it "arose" no earlier than June, 2014, 10 years before plaintiff filed her complaint.

Generally, a cause of action arises when "when the plaintiff has a complete and present cause of action." Wallace v. Kato, 549 U.S. 384, 388 (2007). Because the TVPA is a "continuing tort," other courts have found that a TVPA claim arises on the last date the alleged wrongful act of trafficking occurred. Levin v. Sarah Lawrence Coll., 747 F. Supp. 3d 645, 670 (S.D.N.Y. 2024) (citing Schneider v. OSG, LLC, No. 22CV7686AMDVMS, 2024 WL 1308690, at *5 (E.D.N.Y. Mar. 27, 2024)); Ali v. Khan, 336 F. Supp. 3d 901, 910 (N.D. Ill. 2018); Headley v. Church of Scientology Int'l, No. 09-CV-3987, 2009 WL 10671965, at *6 (C.D. Cal. Aug. 12, 2009); see Oluoch v. Orina, 101 F. Supp. 3d 325, 329 (S.D.N.Y. 2015) ("Plaintiff claims to have been held by defendant . . . until September 4, 2007 . . . [t]hus, her claims accrued in [September,] 2007.").

In this case, Le failed to address when her claim "arose" under §1595(c) in opposition to the motion of USA Swimming and New England Swimming and, in opposition to the

motion of defendant Sweeney, she only tacitly suggests that her cause of action did not arise until she learned of Sweeney's involvement in 2014. More is needed to demonstrate that her claim was timely filed at this stage. As the First Circuit has recognized, district courts are under no obligation to "comb" through a complaint to find plausible facts in support of an argument plaintiff should have, but failed, to raise. Zhou v. Desktop Metal, Inc., 120 F.4th 278, 289 (1st Cir. 2024); see McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991) ("Overburdened trial judges cannot be expected to be mind readers."). The same is true in this case. Le neglects to articulate how her claim was timely filed under the applicable statute of limitations. Accordingly, she has failed to present her TVPA claim within the required period and it will therefore be dismissed.

Because plaintiff expressly states that she is "not asking the Court to extend the statute of limitations" period, only that the applicable limitations period here is §2255(b), which is incorrect, the Court declines to address defendant's alternative argument that the statute should be tolled.

### B. Negligent Supervision or Contribution (Count III)

#### 1. Statute of Limitations

Defendants USA Swimming and New England Swimming further contend that Le's claim for negligent supervision or conduct

contributing to the sexual abuse of a minor is barred by the statute of limitations set forth in M.G.L. c. 260 §4C 1/2. That statute provides that any claim for negligent supervision contributing to the abuse of a minor is barred if it is not brought within "7 years" after the plaintiff discovered, or reasonably should have discovered, that an "emotional or psychological injury or condition was caused by such act."[1]

Because statute of limitations under §4C 1/2 depends upon the discovery of some emotional injury, a claim of negligent supervision or conduct contributing to the sexual abuse of a minor, to be viable, must allege 1) that the plaintiff discovered an "emotional or psychological injury" caused by "the act" alleged, which refers to the acts of sexual abuse "alleged to have caused an injury or condition to [the] minor," and 2) that such injury arose within the past 7 years.[2] Id.; Doe v. City of Boston, No. CV 23-11294-FDS, 2024 WL 1346018, at *7 (D. Mass. Mar. 29, 2024) (quotations omitted); see Lee, 2016 WL 11372334, at *5. If a plaintiff's complaint fails to do so, any TVPA claim must be dismissed. Doe, 2024 WL 1346018, at *7.

---

[1] Section 4C 1/2 also provides for a 35-year limitations period but, unlike the 7-year period, it is not retroactive. Malouf v. Benson, 2018 WL 10155427, at *3 n.7 (D. Mass. Aug. 23, 2018); Lee v. Bos. Pub. Schs., No. 15-CV-10811-LTS, 2016 WL 11372334, at *4 (D. Mass. Feb. 1, 2016), report and recommendation adopted, No. 15-10811-LTS, 2016 WL 632198 (D. Mass. Feb. 17, 2016).

[2] The 7-year limitations period in §4C 1/2 is "tolled for a child until the child reaches 18" but plaintiff had already reached age 18 as of 2015.

Here, Le admits that she was aware of Bernal's abuse and that his abuse caused known emotional and psychological harms as early as 2015, more than seven years before she filed her claim. By then, she had told a pool director at her university about Bernal's alleged acts of abuse and about an emotional injury, i.e. panic attacks, that arose from such acts, thus satisfying both requirements for the statute to begin to run. See M.G.L. c. 260 §4C 1/2; Doe, 2024 WL 1346018, at *7.

Plaintiff asserts that the statute did not, however, begin to run until 2023 because she did not know the extent of the involvement of New England Swimming and USA Swimming until then. According to Le, the 7-year period only begins to run after a plaintiff discovers "the harm and its causal connection to the [d]efendant's conduct" but §4C 1/2 includes no such exception.[3] The standard for §4C 1/2 is the discovery of an emotional harm caused by "the act" that is "alleged to have caused an injury or condition to such minor." The "act" referred to is one of alleged sexual abuse, not the act of concealment. See Doe, 2024 WL 1346018, at *7 (indicating that the "act" referred to in the limitations period under §4C 1/2 is the "sexual abuse"); Embry v. President & Fellows of Harvard Coll., No. MICV201301338, 2014 WL 7778960, at *1 (Mass. Super. Dec. 10, 2014) (same).

---

[3] Plaintiff cites the motion to dismiss of defendants USA Swimming and New England Swimming which, in turn, paraphrases case law with respect to the general discovery rule, not the text of §4C 1/2.

Nothing in §4C 1/2 requires a plaintiff to be aware of every detail of the alleged negligent supervision or conduct contributing to the sexual abuse of a minor. Even assuming, as the Court must, that Le did not comprehend the extent of all of defendants' alleged conduct until 2023, the statute of limitations thus tolled no later than 2022, 7-years after plaintiff first reported emotional harm caused by the abuse. Under §4C 1/2, Le's negligence claim was, therefore, not timely filed.

In order to abate such untimeliness, Le argues that the active concealment of the extent of Bernal's abusive conduct by New England Swimming and USA Swimming tolled the 7-year limitations period. Under M.G.L. c. 260 §12, if a defendant "fraudulently conceals" a cause of action from the plaintiff, the period "prior to the discovery of his cause of action" is excluded from the limitations period. Such tolling applies when the defendant either concealed the existence of a cause of action "through some affirmative act done with intent to deceive" or "breached a fiduciary duty of full disclosure." See Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215 (1st Cir. 2005) (quoting Stark v. Advanced Magnetics, Inc., 736 N.E.2d 434, 442 (Mass. App. Ct. 2000)). The statute is not tolled, however, if a plaintiff nevertheless had "actual knowledge of the facts giving rise to his cause of action." Id.

In this case, plaintiff alleges that defendants concealed the extent of Bernal's acts and that they did so to protect the prestige and income generated by Bernal as a swimming coach. Based upon his reputation as a coach, plaintiff has plausibly alleged that defendants had good reason to avoid disclosing or sanctioning Bernal's behavior and that such concealment deprived her of the knowledge that she had a claim against defendants as well. At the pleading stage, at least, nothing more is required.

Because the timing of the discovery of an injury is generally a question of fact, as defendants concede, Le has sufficiently alleged a claim for negligence, notwithstanding defendants' assertion that it is time-barred. See Taygeta Corp. v. Varian Assocs., Inc., 763 N.E.2d 1053, 1063 (Mass. 2002) (recognizing that the applicability of fraudulent concealment generally "must be resolved by a jury"); Patsos v. First Albany Corp., 741 N.E.2d 841, 847 (Mass. 2001) (same); accord Doe by Doe v. Piraino, 688 F. Supp. 3d 635, 645 (M.D. Tenn. 2023) (declining to dismiss negligence claim brought against USA Fencing and a regional fencing club for alleged abuse by a fencing coach based on a statute of limitations because plaintiff pled facts alleging acts of concealment).

### 2. Conflict with Intent-Based Claim

Defendant Sweeney contends, pro se, that Le's claim for negligent supervision or conduct contributing to the sexual abuse of a minor is not actionable because Le cannot bring both a claim for intentional sexual abuse and a claim for negligent abuse.[4] Such an assertion misconstrues the law. Plaintiff's claim alleges only that Sweeney was negligent in contributing to her father's alleged abuse of plaintiff, not that any action by Sweeney was intentional. The fact that the TVPA and battery claims apply an intent standard as to Bernal's abuse does not negate Le's claim that other actors contributed to, or failed to intervene in, Bernal's abusive conduct.[5] In any event, plaintiffs may, and often do, plead in the alternative, even if such claims were inconsistent with each other. See Fed. R. Civ. P. 8. Plaintiff's Count III therefore survives dismissal.

---

[4] Unlike defendant Sweeney, defendants New England Swimming and USA Swimming do not contest the merits of plaintiff's claim under Count III.

[5] Sweeney also asserts, in passing, that this Court lacks subject matter jurisdiction but, because plaintiff brings a claim under federal law, that assertion is unavailing.

- 14 -

## ORDER

For the foregoing reasons, the motions to dismiss of defendant, Michelle Sweeney, and defendants, New England Swimming, Inc. and USA Swimming, Inc., (Docket Nos. 37 and 44) are, with respect to Count I of plaintiff's complaint, **ALLOWED**, but, with respect to Count III, **DENIED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
Senior United States District Judge

Dated: August 12, 2025