United States District Court
District of Massachusetts

| | |
|---|---|
| Amanda Le,<br><br>    Plaintiff,<br><br>    v.<br><br>New England Swimming, et al.,<br><br>    Defendants. | Civil Action No.<br>24-11559-NMG |

MEMORANDUM & ORDER

GORTON, J.

    Defendants Alvaro Sanchez, Anne Frazier, Joseph Frazier and Alex Cronin (collectively "the remaining defendants"), USA Swimming, Inc. ("USA Swimming"), New England Swimming, Inc. ("New England Swimming") and Michelle Sweeney ("Sweeney"), have been sued for alleged violation of the Victims of Trafficking and Violence Protection Act in Count I of plaintiff's First Amended Complaint and for Negligent Conduct Contributing to the Sexual Abuse of a Minor By Another Person under Count III.[1]

    Sweeney, USA Swimming and New England Swimming moved to dismiss both counts against them as barred by the applicable statute of limitations. This Court granted that motion as to Count I but denied it as to Count III. The remaining defendants timely filed answers to the complaint but did not assert any

---

[1] Count II, alleging sexual abuse, was only brought against the Estate of Joe Bernal.

affirmative defenses or file motions to dismiss either count against them.

Sweeney now contends that the Court does not have jurisdiction to hear the case because it dismissed the federal claim against her and against USA Swimming and New England Swimming, both of which concede that venue is properly located in this Court.

## II. Legal Standard

### A. Statute of Limitations Defense

The statute of limitations must be raised as an affirmative defense in a party's answer or by an appropriate motion. Fed. R. Civ. P. 8(c)(1); Jakobsen v. Mass. Port Auth., 520 F.2d 810, 813 (1st Cir. 1975) (allowing affirmative defenses to be raised in amended answer when "there is no prejudice and when fairness dictates"); Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226 (1st Cir. 1994).  Failure to raise an affirmative defense in a timely fashion constitutes a waiver of that defense, and courts may not sua sponte rule on an affirmative defense that a party has failed to assert itself. Jakobsen, 520 F.2d at 813; Nunez-Perez v. Escobar-Pabon, 133 F.4th 33, 42 (1st Cir. 2025).

For a claim to be precluded under res judicata, three elements must be satisfied: "(1) the identity or privity of the parties to the present and prior actions; (2) identity of the

cause of action; and (3) prior final judgment on the merits." RFF Fam. P'ship, LP v. Ross, 814 F.3d 520, 532 (1st Cir. 2016) (citations omitted). Dismissal of a claim based on the statute of limitation is a final judgment on the merits of the claim. Rose v. Harwich, 778 F.2d 77, 80 (1st Cir. 1985).

### B. Supplemental Jurisdiction

When a federal district court has original jurisdiction over a civil action, it may assert supplemental jurisdiction over all other claims or parties that form the same case or controversy.[2] 28 U.S.C. §1367(a); Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256 (1st Cir. 1996). The exercise of supplemental jurisdiction is a matter of discretion in which the court must consider whether the federal and state claims "derive from a common nucleus of operative fact," among other considerations. 28 U.S.C. §1367(a)-(c); United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Roche, 81 F.3d at 256.

If the foundational federal claim is dismissed, the court may still exercise supplemental jurisdiction over related claims arising out of state law if doing so would serve the interests of "comity, judicial economy, convenience, fairness, and the

---

[2] Supplemental jurisdiction codifies the doctrines once referred to as pendent jurisdiction, which is exercised over all claims related to a federal question, and pendent party jurisdiction, which is exercised over other parties involved in the same case or controversy. 28 U.S.C. §1367; Godin v. Schencks, 629 F.3d 79, 83 n.4(1st Cir. 2010) (discussing history of supplemental jurisdiction).

like." Senra v. Town of Smithfield, 715 F.3d 34, 41 (1st Cir. 2013); O'Connor v. Commonwealth Gas Co., 251 F.3d 262, 272-73 (1st Cir. 2001) (considering the stage of the case at the time the federal claim was terminated).

### III. Analysis

Although the remaining defendants failed to raise the statute of limitations as an affirmative defense to Count I in their answer to plaintiff's amended complaint, Sweeney contends that, because she raised the defense and Count I against her was dismissed, that count must also be dismissed against the remaining defendants based on res judicata. Sweeney is, however, mistaken. Res judicata does not apply to the remaining defendants because no facts or arguments have been proffered to show that the remaining defendants are in privity with Sweeney. Ross, 814 F.3d at 532. Further, an affirmative defense is personal to the party that asserts it and the Court will not acknowledge it on behalf of another party. Nunez-Perez, 133 F.4th at 42. As such, Count I survives with respect to the remaining defendants.

Because the Court has original jurisdiction over the federal claim in Count I with respect to the remaining defendants, it may exercise supplemental jurisdiction over the related claim arising out of state law in Count III. 28 U.S.C. §1367(a); Roche, 81 F.3d at 256. The federal and state claims

are based on a common nucleus of operative fact, i.e., both arose from the purported sexual harassment of the plaintiff by Joseph Bernal and are based on defendants' alleged contemporaneous knowledge and conduct which will require analysis of the same evidence. Gibbs, 383 U.S. at 725.

Furthermore, judicial economy and convenience favor adjudicating these claims and defendants together. O'Connor, 251 F.3d at 272-73.  It is unnecessary to conduct identical proceedings in state and federal court, involving the same witnesses and evidence, when both forums are equally capable of hearing the case and its refiling in state court risks a finding of expiration of the statute of limitations. Id.  In sum, notwithstanding the dismissal of Count I against defendant Sweeney, this Court retains supplemental jurisdiction over all defendants with respect to Count III. Senra, 715 F.3d at 41.

## ORDER

For the foregoing reasons, Sweeney's motion to dismiss (Docket No. 54) is **DENIED**.

**So ordered.**

*[signature]*
Nathaniel M. Gorton
Senior United States District Judge

Dated:   February 11, 2026