United States District Court
District of Massachusetts

```
                                    )
Amanda Le,                          )
                                    )
            Plaintiff,              )
                                    )
      v.                            )      Civil Action No.
                                    )      24-11559-NMG
New England Swimming, et al.,       )
                                    )
            Defendants.             )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

This case arises from allegations that defendant Joseph Bernal sexually abused plaintiff Amanda Le and that the other defendants concealed Bernal's actions to protect him.

In November, 2024, defendants Michelle Sweeney, New England Swimming, a nonprofit corporation, and USA Swimming, Inc., a corporation, moved to dismiss as time-barred Count I, alleging violations of the Trafficking Victims Protect Act ("TVPA"), 18 U.S.C. §§1589-96. The Court subsequently allowed that motion and dismissed the TVPA count against those defendants. Defendants Anne Frazier, Joseph Frazier and Alex Cronin ("the moving defendants"), proceeding pro se, answered plaintiff's complaint but did not move to dismiss.

Now, the moving defendants have each filed a motion for judgment on the pleadings, invoking the statute of limitations

- 1 -

as to the TVPA claim against them.[1]  For the following reasons, those motions will be denied.

## II. **Legal Standard and Analysis**

### A. **Compliance with the Local Rules**

Pro se defendants must comply with the Local Rules for the District of Massachusetts. See Monahan v. Sabatis, 2014 U.S. Dist. LEXIS 198140, at *3 (D. Mass. Dec. 16, 2014).  Under those Rules, when filing a motion, the moving party must file a memorandum providing reasons why the motion should be allowed, the operative facts and supporting legal authorities. Local R. 7.1(b)(1).  Moreover, Rule 7.1(a)(2) requires a moving party to confer with the opposing party prior to filing a motion to make a good faith attempt to resolve or narrow the issue. Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 100 (D. Mass. 1996) (denying defendant's motion without prejudice for failing to consult with opposing party).  Failure to comply with the Rules may result in the denial of a motion or imposition of other sanctions. Local R. 1.3; Hasbro, Inc., 168 F.R.D. at 102.

Here, the Motions make no reference to the facts underlying their statute of limitations claims, provide no case law supporting their requests for judgment on the pleadings and are not accompanied by any memorandum of reasons.  Furthermore, the

---

[1] The moving defendants' Motions for Judgment on the Pleadings ("the Motions") are nearly identical and will be evaluated together.

moving defendants apparently did not confer with plaintiff prior to the filing of the Motions.  The Court has good reason to deny them on those grounds alone but will nonetheless consider the merits for clarity.

### B. Judgment on the Pleadings

A motion for judgment on the pleadings is governed by the same legal standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), except that the Court considers all the pleadings rather than just the complaint. Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 54-55 (1st Cir. 2006).  Judgment on the pleadings will be granted only if there is no relevant factual dispute and the moving party is entitled to judgment as a matter of law. C.A. Acquisition Newco, LLC v. DHL Exp. (USA), Inc., 696 F.3d 109, 113 (1st Cir. 2012).

The moving defendants contend that, because the Court dismissed the TVPA claim as time-barred against other defendants, the count must also be dismissed against them.  They are mistaken.  The moving defendants provide no facts or arguments about when plaintiff's claims against them arose, thereby failing to establish the applicability of the statute of limitations and depriving Le of an opportunity to rebut the motion. C.A. Acquisition Newco, LLC, 696 F.3d at 113.  As such, the Motions will be denied.

## C. **Amending Answers**

The moving defendants seek, in the alternative, to amend their answers.  A party may amend its answer with opposing party's consent or with leave of court "when justice so requires." Fed. R. Civ. P. 15(a)(2).  The answering party has an "obligation to exercise due diligence" and may be denied the opportunity to amend after unreasonable delay. Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc., 884 F.2d 1510, 1517-18 (1st Cir. 1989) (denying amendment where defendant had been aware of facts underlying desired counterclaim and did not justify the delay).  Parties are put on notice of deficiencies in their pleadings by opposing motions and are expected to respond diligently. Hagerty ex rel. United States v. Cyberonics, Inc., 844 F.3d 26, 35 (1st Cir. 2016).

The moving defendants do not have plaintiff's consent to amend and have not demonstrated to the Court that "justice so requires." Fed. R. Civ. P. 15(a)(2).  The moving defendants filed their original answers over 17 months ago and were put on notice of the statute of limitations defense shortly thereafter when defendant Sweeney raised it in her motion to dismiss.  They offer no justification for not moving to amend their answers promptly or for their lack of due diligence. Quaker State Oil Refining Corp., 884 F.2d at 1517-18.  Accordingly, defendants' belated motions to amend their answers will be denied.

- 4 -

## ORDER

For the foregoing reasons, defendants' motions (Docket Nos. 62, 63, 64) are **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated:  May 21, 2026

- 5 -